UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER HAGGART,

          Plaintiff,

v.

ROBERT SHINSKE and PATRICK MCNULTY,

          Defendants.

Case No. 2:20-cv-12772

HONORABLE STEPHEN J. MURPHY, III

_____/

## **ORDER DISMISSING DEFENDANT SHINSKE**

Plaintiff sued Defendants Shinske, McNulty, Williams, and the City of Detroit in Wayne County Circuit Court in August 2019. *Haggart v. City of Detroit*, No. 19-13394, ECF 1, PgID 2 (E.D. Mich. Nov. 18, 2019). In February 2020, the Court issued an order for the plaintiff to show cause why the claims against Defendants McNulty and Shinske should not be dismissed for failure to prosecute. *Haggart*, No. 19-13394, ECF 4; *see* Fed. R. Civ. P. 4(m). At the time, the docket lacked evidence that either Defendant was served. *Haggart*, No. 19-13394, ECF 4, PgID 30. Plaintiff failed to respond to the show cause order. *Haggart*, No. 19-13394, ECF 5, PgID 32. The Court therefore dismissed the claims against Defendants McNulty and Shinske in April 2020 without prejudice. *Id.*

Plaintiff then moved to amend the complaint so that Defendants McNulty and Shinske could be brought back in as defendants. *Haggart*, No. 19-13394, ECF 10. In

1

September 2020, the Court denied the motion to amend as futile because it could not survive a motion to dismiss. *Haggart*, No. 19-13394, ECF 13, PgID 93.

The next month, Plaintiff filed a different case against Defendants Shinske and McNulty and asserted the same claims as before. *Compare* ECF 1 *with Haggart*, No. 19-13394, ECF 1; ECF 10-1. Summonses for Defendants Shinske and McNulty were issued on October 14, 2020. ECF 2, 3. As a result, the time limit for service expired on January 13, 2021. *See* Fed. R. Civ. P. 4(m).

On January 10, Plaintiff served Defendant McNulty. ECF 8. On January 13, the Court issued a show cause order for why the case should not be dismissed for failure to prosecute. ECF 7. Plaintiff responded to the show cause order and indicated that he has been unable to serve Defendant Shinske because Defendant Shinske appeared to be evading service. ECF 9, PgID 22. Plaintiff also indicated that he would make "one last attempt to serve [Defendant] Shinske. If (when) such attempt fails," Plaintiff would move for alternative service. *Id.*

The time limit for service expired twelve days ago, and Plaintiff has still not moved for alternative service. This is the second time in this dispute that Plaintiff has failed to serve Defendant Shinske and neither time has Plaintiff moved for alternative service or an extension of service. Plaintiff's suggestion—without evidence—that Defendant Shinske has been evasive is not persuasive given that Plaintiff has now had six months to serve Defendant Shinske. Because Plaintiff has not moved for or provided good cause for failure to serve, the Court will therefore not extend the time for service. *See* Fed. R. Civ. P. 4(m); *Friedman v. estate of Presser*,

929 F.2d 1151, 1157 (6th Cir. 1991) ("[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause.").

**WHEREFORE**, it is hereby **ORDERED** that Defendant Shinske is **DISMISSED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 25, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager